428

**CHESTER S. BRETT, INC.**

v.

**UNITED STATES.**

C.D. 4434;   Court No. 65/19328–19004
Port of Boston.

United States Customs Court.
June 25, 1973.

———•———

Walter E. Doherty, Jr., Boston, Mass., for plaintiff.

Harlington Wood, Jr., Asst. Atty. Gen., Gilbert Lee Sandler, New York City, Trial Atty., for defendant.

*Opinion and Order Re:   Plaintiff's
Motion for Summary Judgment*

WATSON, Judge:

Plaintiff has moved for summary judgment in this case in which the central issue is whether duty was properly assessed on the full invoiced quantity of imported merchandise or whether it should have been assessed on a lesser quantity.

For the purposes of this motion, the official papers are entered into evidence and the record in Harry N. Bloomfield Co. v. United States, 442 F.2d 1401, 58 CCPA 160, C.A.D. 1023 (1971), is incorporated herein pursuant to plaintiff's motion.

Plaintiff relies entirely on the presence on the customs entry permit of a report by the customs inspector that a certain quantity of merchandise was "manifested not found." Under similar circumstances our appellate tribunal has recently found that in the absence of evidence to the contrary, the "logical and most likely inference" to be made from such a report is that the merchandise in question was not landed. Harry N. Bloomfield Co. v. United States, 442 F.2d 1401, 58 CCPA 160, C.A.D. 1023 (1971). The CCPA further noted that when it is established that the merchandise was in customs custody up until the time of the report "the only reasonable and fair conclusion is that a *prima facie* case of nonimportation has been made."

In opposition to plaintiff's motion, defendant argues that a *prima facie* case has not been established and further that if it has it is insufficient to support the granting of judgment. Finally, defendant opposes the granting of the motion on the ground that it is in the process of conducting discovery to develop evidence to support its position on the question of nonimportation and argues by analogy Gimbel Bros., Inc. v. United States, 69 Cust.Ct. 329, C.R.D. 72–25 (1972), that plaintiff's motion ought not to be interposed in derogation of defendant's pretrial discovery.

I am of the opinion that plaintiff's motion is well taken and defendant's opposition thereto is without merit. I see no distinctions between the instant case and that decided by the CCPA in Harry N. Bloomfield Co. v. United States, *supra*. A report by the responsible customs officer that certain merchandise was manifested but not found, which report is made at a time when the importer's possession of the importation has not yet taken place and at the conclusion of a period when the merchandise has been in customs custody, is reasonable proof of nonimportation. In the absence of countervailing proof such evidence is adequate to support a finding of nonimportation and should certainly suffice to support a motion for summary judgment.

The only correct way to oppose this motion would be for the defendant to come forward with proof of some sort that an importation of the full quantity in question did indeed take place.

This situation is not comparable to that which prevailed in Gimbel Bros., Inc. v. United States, *supra*. There, defendant was essentially asking only for additional time to respond to a motion for summary judgment on the ground that it could not oppose the motion without discovery of facts which appeared to be "exclusively in the possession of plaintiff." Here, defendant is seeking the *denial* of the motion for summary judgment and the continuation of its discovery under circumstances in which the information useful to defendant can hardly be thought to be exclusively within the possession of plaintiff and is more likely within the defendant's own area of resources.

In any event, I do not see why defendant's desire to litigate a certain issue at trial should obviate its responsibility to oppose a properly made motion for summary judgment which raises that issue prior to trial and which contains sufficient proof to warrant a judgment on that issue in plaintiff's favor. If defendant anticipates obtaining countervailing proof on the question of importation it must muster such proof in opposition to the motion for summary judgment and not insist on the denial of the motion in favor of defendant's right to proceed to develop its proofs for trial.

In conclusion, I find that there is no genuine issue of fact to be tried in this case, since the evidence upon which plaintiff relies is sufficient to prove that the quantity reported as manifested but not found was not imported. I further conclude that plaintiff is entitled to judgment as a matter of law and it is hereby

Ordered that the plaintiff's motion for summary judgment be and the same hereby is, granted; and it is further

Ordered that the district director reliquidate the entry involved herein and in so doing make an allowance for the merchandise reported as manifested but not found.